# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

GABRIEL GONZALEZ,

      Petitioner,

vs.

JIM BENEDETTI, et al.,

      Respondents.

Case No. 3:10-CV-00695-HDM-(VPC)

**ORDER**

Before the court are the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#7), respondents' motion to dismiss (#9), petitioner's opposition (#18), and respondents' reply (#19). For the reasons stated below, the court denies the motion (#7).

Respondents move to dismiss ground 1, a claim of innocence, because such a claim does not "provide an independent basis for federal habeas relief." Motion, p. 2 (#9). Actually, the Supreme Court of the United States has not yet determined whether a free-standing claim of actual innocence exists in federal habeas corpus:

> As a fallback, Osborne also obliquely relies on an asserted federal constitutional right to be released upon proof of "actual innocence." Whether such a federal right exists is an open question. We have struggled with it over the years, in some cases assuming, _arguendo_, that it exists while also noting the difficult questions such a right would pose and the high standard any claimant would have to meet.

1  District Attorney's Office for Third Judicial Dist. v. Osborne, 129

2  S. Ct. 2308, 2321 (2009) (citing House v. Bell, 547 U.S. 518, 554-

3  55 (2006); Herrera v. Collins, 506 U.S. 390, 398-417 (1993)).

4      The court cannot dismiss ground 1.  Instead, it must find

5  whether the state-court decision on this ground is contrary to, or

6  an unreasonable application of, clearly established federal law as

7  determined by the Supreme Court of the United States.  See 28

8  U.S.C. § 2254(d)(1).  If petitioner presented the ground to the

9  state courts, and they never ruled upon it, then the court would

10  review the ground de novo.  See Cone v. Bell, 129 S. Ct. 1769, 1784

11  (2009).  These questions go to the merits of ground 1, for which

12  the court requires an answer.

13      IT IS THEREFORE ORDERED that respondents' motion to dismiss

14  (#9) is **DENIED.**

15      IT IS FURTHER ORDERED that respondents shall have forty-five

16  (45) days from the date of entry of this order to file and serve an

17  answer, which shall comply with Rule 5 of the Rules Governing

18  Section 2254 Cases in the United States District Courts.

19  Petitioner shall have forty-five (45) days from the date on which

20  the answer is served to file a reply.

21      DATED: November 2, 2011.

22

23  _____

24  HOWARD D. MCKIBBEN
   United States District Judge

25

26

27

28